(No. 86-CV-1094–)

*In re* APPLICATION OF NAN ELLIOTT

*Opinion filed August 7, 1986.*
*Order filed October 11, 1989.*
*Order filed May 18, 1990.*
*Order filed May 15, 1991.*

NAN ELLIOTT, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## OPINION

POCH, J.

This claim arises out of an incident that was discovered on November 13, 1985. Nan Elliott, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on April 11, 1986, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the victim, Nathan Elliott, age 12, was a victim of a violent crime, as defined in section 72(c) of the Act, to wit: indecent liberties with a Child (Ill. Rev. Stat. 1979, ch. 38, par. 11—4).

2. That on November 13, 1985, it was discovered that the victim had been sexually assaulted on several occasions, allegedly by an offender who was known to him. The incidents occurred at 244 Sterling Court, Bloomingdale, Illinois. The victim was taken to Forest Hospital for treatment of his injuries. The alleged offender has been apprehended and charged with indecent liberties with a

child and aggravated criminal sexual abuse. The criminal proceedings against him are pending.

3. That the Claimant seeks compensation for medical/hospital expenses only.

4. That section 72(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

5. That the victim was not employed for the six months immediately preceding the date of the incident out of which this claim arose and therefore suffered no loss of earnings compensable under the Act.

6. The Claimant incurred medical/hospital expenses in the amount of $10,046.77, none of which was paid by insurance and $842.48 of which was written off as adjustments by two of the medical providers, leaving a balance of $9,204.29. The Claimant has paid $7,749.29 towards this balance.

7. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

8. That pursuant to section 80.1(e) of the Act, this Court must deduct the amount of benefits, payments or awards payable under the Workers Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (Twenty-Five Thousand

Dollars) of life insurance that would inure to the benefit of the applicant.

9. That the Claimant has received no reimbursements that can be counted as applicable deductions.

10. That Claimant has indicated that the victim may incur additional medical/hospital expenses in the future as a result of the incident. Should the Claimant incur these expenses, she may petition the Court to reopen consideration of this claim for additional compensation, pursuant to section 86 of the Act.

11. The Claimant's loss for which she seeks compensation is $9,204.29 based upon the following:

| | Compensable Amount |
|---|---|
| Paid Medical Expenses | $7,749.29 |
| Leo I. Jacobs, M.D., S.C. | 780.00 |
| The Brook Clinic | 400.00 |
| North Suburban Neurocare, S.C. | 165.00 |
| D.N.A. | 110.00 |
| Total | $9,204.29 |

It is hereby ordered that the sum of $7,749.29 (Seven Thousand Seven Hundred Forty-Nine Dollars and Twenty-Nine cents) be and is hereby awarded to Nan Elliott, mother of the minor victim, Nathan Elliott an innocent victim of a violent crime.

It is further ordered that the sum of $780.00 (Seven Hundred Eighty Dollars) be and is hereby awarded to Nan Elliott and Leo I. Jacobs, M.D., S.C.

It is further ordered that the sum of $400.00 (Four Hundred dollars) be and is hereby awarded to Nan Elliott and the Brook Clinic.

It is further ordered that the sum of $165.00 (One Hundred Sixty-Five Dollars) be and is hereby awarded to Nan Elliott and North Suburban Neurocare, S.C.

It is further ordered that the sum of $110.00 (One Hundred Ten Dollars) be and is hereby awarded to Nan Elliott and D.N.A.

## ORDER

Poch, J.

Claimant, Nan Elliott, mother of Nathan, her minor son, filed a claim for compensation under the Illinois Crime Victims Compensation Act (Ill. Rev. Stat. ch. 70, par. 71, *et seq.*). (Hereinafter referred to as the Act.)

The claim is based upon the following facts:

On November 13, 1985, Nathan, age 14, was sexually assaulted in the neighborhood where he resides with his mother. The medical expenses of the hospital and doctor's fees incurred and paid for the treatment of the victim was $9,204.29, which has been previously awarded.

The Claimant is seeking additional compensation for boarding expense at a boarding school as recommended by a psychiatrist (TR p. 11), which school is not in the community where he presently resides, being located in Utah. The present claim is seeking an additional award of $5,795.71, for such boarding school expenses, and represents the difference between the maximum award provided for under sec. 10.1(f) of the Act, of $15,000.00, and the amount previously awarded of $9,204.29.

The Act, under sec. 72, paragraph (h) "Pecuniary Loss" provides as follows:

" 'pecuniary loss' means in the care of injury, appropriate medical expenses and hospital expenses, including . . . appropriate psychiatric care expenses, expenses for care by a registered clinical psychologist or certified social worker and expenses for treatment by Christian Science practitioner and nursing care appropriate thereto ° ° °."

The Act, it appears, makes no provision for boarding school expense and, while psychiatric care expenses are compensable under the Act, as provided in the section quoted *supra*, it is obvious that a boarding school does not come within the confines of "psychiatric care" as contemplated by the legislature.

Since this claim does not meet the required provisions for compensation and is not compensable under the Act,

It is hereby ordered that Claimant's request for additional compensation be and is denied and the opinion of August 7, 1986, awarding the Claimant the sum of $9,204.29 remains in full force and effect.

## ORDER

POCH, J.

The parties have entered into a stipulation whereby the Attorney General's Office recommends that the sum of $3,680.00 be paid to Nan Elliot on behalf of her minor son Nathan, the innocent victim of a violent crime.

Wherefore, it is hereby ordered that the sum of $3,680.00 be made copayable to Nan Elliott and the Brook Clinic, P.C., 210 West 22nd Street, Suite 118, Oakbrook, Illinois, 60521, and that this case be continued generally.

## ORDER

MONTANA, C.J.

This cause comes on to be heard following the filing

by the applicant of her annual status report, due notice having been given, and the Court being advised;

It is hereby ordered that this case is removed from general continuance, restored to active status, and then closed in accordance with our previous decisions entered herein; it is further ordered that if the applicant should incur additional expenses in connection with her injuries which gave rise to this claim she may petition the Court to reopen her claim.